**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**At Bluefield**

**CONSOLIDATION COAL COMPANY,**

**Plaintiff,**

**v.** **CA No.** 1:07-0558

**BLUESTONE COAL COMPANY,**

**Defendant.**

**COMPLAINT**

For its Plaintiff Complaint, Consolidation Coal Company (hereinafter "CONSOL") states as follows:

1. CONSOL is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.

2. Defendant is a West Virginia corporation.

3. This Court has jurisdiction based upon 28 U.S.C. § 1332(c)(1) and § 1441(b) (Diversity of Citizenship).

4. The actions giving rise to this civil action occurred in McDowell County, West Virginia.

**FACTUAL ASSERTIONS**

5. By deed dated April 20, 2001, and of record in the Office of the County Clerk, McDowell County, West Virginia, CONSOL conveyed to the Defendant the surface, the Pocahontas No. 8 seam of coal and all seams of coal above the Pocahontas No. 8 seam of coal. A copy of the Deed is attached as Exhibit 1.

6. CONSOL is the owner of all strata below the Pocahontas No. 8 seam of coal and reserved all rights thereto at the time of the conveyance to the Defendant.

7. On or about November 29, 2006, CONSOL was advised that Plaintiff had drilled one or more water wells on the subject property that extended below the Pocahontas No. 8 seam of coal.

8. The water well(s) were being used to take water from an existing underground water course that drains surrounding abandoned mine workings for use at Plaintiff's Coal Preparation Plant located on the surface of the subject tract.

9. The underground waterway, located in the Pocahontas No. 3 seam cavity, is essential to maintaining water quality and providing an open, free flowing water course for the abandoned mines in the area. Damage to the watercourse could interfere with both the water quality and stability of the watercourse.

10. On December 28, 2006, Defendant was advised in writing by a representative of CONSOL that it was trespassing and that it was to cease its activity and plug the well(s).

11. Defendant ceased water pumping activities for a month or more, but subsequently resumed pumping and has not plugged well(s).

**COUNT ONE – TRESPASSING**

12. CONSOL hereby repeats and incorporates by reference the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. Defendant's conduct constitutes a trespass against CONSOL's real property and conversion of natural resources (water) from the property.

14. Defendant's conduct is unlawful and actionable under West Virginia law.

15. CONSOL is entitled to damages for the damage to its real property, the costs associated with the plugging of the well(s) and restoration of the watercourse to its pre-tress condition.

**COUNT TWO – CONVERSION**

16. CONSOL hereby repeats and incorporates by reference the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

17. Defendant's pumping of water constitutes a conversion of the water, a valuable natural resource, for which CONSOL is entitled to damages.

**COUNT THREE – INJUNCTIVE RELIEF**

18. CONSOL hereby repeats and incorporates by reference the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. Defendant's ongoing trespass into the Pocahontas No. 3 watercourse and the harm which is and will be sustained by CONSOL by the ongoing nature and potential for permanent damage to the watercourse is unlawful and CONSOL is entitled to injunctive relief requiring Defendant to cease using the wells to take water, to appropriately plug the wells and to restore the watercourse to its pre-trespass condition.

WHEREFORE CONSOL prays for judgment against the Defendant and relief from the Court as follows:

A. A permanent injunction barring the Defendant from its continued trespass and conversion;

B. An injunction requiring the Defendant to immediately and properly plug the well(s) and restore the watercourse to the extent it is feasible to do so.

C. Damages in the amount of $10,000,000 for the willful and malicious trespass, conversion and permanent damage to CONSOL's real property;

D. Punitive damages in an amount to be established by a jury.

E. Any other relief which the Court deems appropriate.

PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

**CONSOLIDATION COAL COMPANY**
**By Counsel**

s/Steven P. McGowan

Steven P. McGowan (W. Va. Bar No. 2460)
P.O. Box 1588
Charleston, W. Va. 25326-1588
Voice: 304.353.8000
Fax: 304.353.8180

Counsel for Plaintiff

**STEPTOE & JOHNSON PLLC**
Of Counsel