IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

CONSOLIDATION COAL COMPANY,

    Plaintiff,

v.                                         CIVIL ACTION NO. 1:07-CV-0558

BLUESTONE COAL CORPORATION,

    Defendant.

## PRETRIAL ORDER

In accordance with the Scheduling Order entered by the Court on September 11, 2008, and L.R. Civ. P. 16.7(b), the parties hereby submit this integrated pre-trial order.

**1.**     **Objections to Pre-trial Disclosures**

    Plaintiff:

    Defendant:

**2.**     **Contested Issue of Law Requiring Ruling Before Trial**

    Plaintiff:     Plaintiff's Motion for Partial Summary Judgment.

    Defendant:     Defendant's response to plaintiff's motion.

**3.**     **Statement of Essential Elements of Claims and Damages Sought**

    Plaintiff:

(a) Consolidation Coal Company's (hereinafter "CONSOL") ownership of the coal seam/watercourse. *Stamp v. Windsor Power House Coal Co.*, 154 W. Va. 578, 579, 177 S.E.2d 146, 147 (1970); *Robinson v. Wheeling Steel & Iron Co.*, 99 W.Va. 435, 435, 129 S.E. 311, 312 (1925); *Pence v. Carney*, 52 S.E. 702, 704, 58 W. Va. 296, 300 (1905).

(b) Bluestone Coal Corporation's (hereinafter "Bluestone") trespassing by drilling and extracting water from the coal seam/watercourse. *Energy Dev. Corp. v. Moss*, 214 W. Va. 577, 589, 591 S.E.2d 135, 147 (2003); *Ours v. Grace Property*, 186 W. Va. 296, 412 S.E.2d 490 (1991); *Taylor v. Chesapeake & O. Ry. Co.*, 84 W. Va. 442, 444, 100 S.E. 218, 219 (1919); *Roberts v. Martin*, 72 W. Va. 92, 94, 77 S.E. 535, 536 (1913); *see also* 18 Am. Jur. 2d *Conversion* § 2 (2008).

(c) CONSOL is entitled to injunctive relief to stop Bluestone's continued pumping of water from the watercourse. *Stuart v. Lake Washington Realty Corp.*, 141 W.Va. 627, 653, 92 S.E.2d 891, 905 (1956); *Harrison County Court v. West Virginia Air Service*, 132 W.Va. 1, 54 S.E.2d 1 (1948); *Lilly v. Bowling*, 120 W.Va. 169, 197 S.E. 299 (1938).

(d) CONSOL is entitled to damages in an amount equal to the value of the water as measured by the value of the water to Bluestone or what it would have cost Bluestone to obtain water from other sources or for which CONSOL could have sold the rights to obtain the water. *Whitmore v. Utah Fuel Co.*, 42 Utah 470, 131 P. 907 (1913)(Straup, J., concurring); *Green Bay & M. Canal Co. v. Kaukauna Water Power Co.*, 112 Wis. 323, 87 N.W. 864 (1901); *see also Bryan v. Big Two Mile Gas Co.*, 213 W.Va. 110, 577 S.E.2d 258 (2001); *Pan Coal Co. v. Garland Pocahontas Coal Co.*, 125 S.E. 226, 97 W.Va. 368 (1924); *Hood v. Maxwell*, 1 W.Va. 219, 1866 WL 1273 (1866).

(e)     CONSOL is entitled to an award of damages based upon Bluestone's profit, as measured by the difference in the value of the raw coal as mined and the value of the processed coal as sold by it. *See generally Realmark Developments, Inc. v. Ranson*, 214 W.Va. 161, 588 S.E.2d 150 (2003). *Constantino v. American S/T Achilles*, 580 F.2d 121 (4th Cir. 1978); *Atlantic Bitulithic Co. v. Town of Edgewood*, 103 W.Va. 137, 137 S.E. 223 (1927).

(f)     CONSOL is entitled to punitive damages because the trespass was willful. *Bryan v. Big Two Mile Gas Co.*, 213 W.Va. 110, 577 S.E.2d 258 (2001).

**Defendant:**

(a)     Defendant is entitled to free use of the subject watercourse and plaintiff is not entitled to any compensatory or punitive damages.

(b)     Defendant is not seeking any damages other than reserving the right to ask for an award of its attorney's fees and expenses as well as Court costs it expends if it is established Plaintiff has pursued this action as a retaliatory measure as alleged by Defendant.

(c)     Plaintiff's ability to Market any water from the subject watercourse is neither relevant nor material to this action since the amount being pumped by Defendant is insignificant as compared to the total level of flow through that watercourse.

(d)     Plaintiff is not entitled to recover any damages as described in its paragraph (e) above because Defendant could use water from a source other than the subject watercourse, i.e., raw coal versus processed coal is a non-issue in this action.

4.   **Statement of Material Facts and Theory of Liability**

Plaintiff:   CONSOL is the successor in interest to a watercourse constructed in the Pocahontas No. 3 seam of coal to facilitate the drainage and mining of coal properties owned by CONSOL in the local area. The uninterrupted flow of the watercourse is essential to CONSOL's compliance with environmental permits. The water flowing through the watercourse also has value, insofar as the watercourse contributes significantly to a stream used for trout fishing. Additionally, the watercourse has value to others who need a source of water in the area. Bluestone is one of those who needs water to operate its coal preparation plant. However, instead of seeking an agreement for the use or purchase of water, Bluestone simply drilled a hole and began pumping water from the watercourse at the rate of some 150,000 gallons per day.

When CONSOL discovered that Bluestone was pumping water from its watercourse, CONSOL notified Bluestone in writing that Bluestone had no right to pump water and that it should cease doing so. Bluestone did not respond and continues to this day to pump water from the watercourse.

CONSOL is entitled to damages for the conversion of the water and trespass. Because the trespass was intentional, CONSOL is also entitled to punitive damages. The measure of damages for the conversion is the value of the water at the time of conversion. That value can be measured by the value of the water CONSOL could have realized had it had the opportunity to sell the water to others, including Bluestone. It could also be measured by the profits Bluestone realized by its conversion of the water as measured by the increased value of the coal it used the water to process or the total profit Bluestone received for the coal if it could not have sold the coal raw.

4

**Defendant:**

(a) Defendant is entitled to free use of the subject watercourse and plaintiff is not entitled to any compensatory or punitive damages.

(b) The subject watercourse was created by the Pocahontas Fuel Company in the 1930's within the Pocahontas No. 3 coal seam and used as an alternative means to drain water within the No. 3 as well as surrounding seams located within 12,000 acres of land then wholly owned by the Pocahontas Fuel Company before being conveyed to Plaintiff. By deed dated April 20, 2001, Plaintiff conveyed a portion of the 12,000 acres, namely the Pocahontas No. 8 coal seam and all seams located above it as well as the surface, to Defendant. At the time of that deed Plaintiff knew Defendant was a coal mining company and intended to mine the No. 8 seam and that building and maintaining a preparation plant for such mining would require access to the watercourse.

(c) Defendant has an implied easement to the watercourse where it was apparent, continuous, and necessary; where it was designed and created for the benefit of the mining operations of the entire original 12,000 acres in which the Pocahontas No. 8 seam and those seams above it as well as the surface; where Plaintiff knew when it sold Defendant the Pocahontas No. 8 seam and those seams above it as well as the surface that the watercourse was necessary to the mining of that seam; and, where Plaintiff failed to restrict or reserve the use of that watercourse at the time of sale to Defendant.

(d) Plaintiff granted Defendant rights below the Pocahontas No. 8 seam despite Plaintiff's assertion to the contrary.

5. **Contested Issue(s) of Fact and Law**

Plaintiff: CONSOL believes that the facts are undisputed and that the Court will determine Bluestone is liable as a matter of law. CONSOL also believes it is entitled to injunctive relief as a matter of law.

Assuming liability is established, the only contested issue will be the measure of and amount of damages. The measure of damages for the conversion is the value of the water at the time of conversion. That value can be measured by the value of the water that CONSOL could have realized had it had the opportunity to sell the water to others, including Bluestone. It could also be measured by the profits Bluestone realized by its conversion of the water as measured by the increased value of the coal it used the water to process or its total profits if the coal could not be sold raw. CONSOL is also entitled to punitive damages for the willful trespass by Bluestone.

**Defendant:** Defendant refers the Court to its response to Plaintiff's motion for summary judgment and injunctive relief and continues to maintain that:

(a) Defendant is entitled to free use of the subject watercourse and plaintiff is not entitled to any compensatory or punitive damages.

(b) Defendant has at a minimum an implied easement for access to and use of the subject watercourse. *Johnson v. Gould, et al.*, 60 W.Va. 84, 53 S.E. 798, 801 (1906).

(c) When the owner of an entire estate sells a portion of an estate, the purchaser takes the portion sold with all the benefits and burdens that at the time of the sale appear to belong to it, i.e., Plaintiff s sale of the Pocahontas No. 8 coal seam and all seams located above it as well as the surface to Defendant meets the "apparent, continuous and strictly

6

necessary to the enjoyment" requirements of an implied easement. *Miller v. Skaggs*, 79 W.Va. 645, 91 S.E. 536 (1917).

(d) Plaintiff is not entitled to a summary judgment or any other relief in this action to include, but not limited to, an injunction.

6. **Stipulations**

(a) The parties stipulate to the authenticity and admissibility of all exhibits identified as "expects to offer" or "may offer" in their Rule 26(a)(3) disclosures.

(b) The parties stipulate the following facts:

(1) Bluestone drilled into the Pocahontas No. 3 seam watercourse in December of 2006.

(2) Bluestone has pumped approximately 150,000 gallons of water per day from the watercourse since December of 2006.

(3) Bluestone has used the water at its processing plant to process coal.

(4) CONSOL advised Bluestone in December of 2006 that it considered Bluestone's drilling into and pumping water from the watercourse to constitute a trespass.

7. **Suggestions to Avoid Unnecessary Proof and Cumulative Evidence**
8. **Suggestions for Need for Special Procedures**
9. **Special Voir Dire Questions**

Plaintiff:

(a) Have any of the jurors or their immediate families ever been involved in a water rights dispute?

(b) Have any of the jurors or their immediate families had any dealings, other than employment, with any coal companies?

(c) Do any of the jurors or their immediate families belong to any organizations that actively promote or oppose coal mining or the mining industry?

(d) Were any of the jurors or their immediate families involved in any litigation against coal or mining companies?

(e) Do any of the jurors or their immediate families obtain water from wells? If yes, are any of the respondents aware of any problems or disputes arising out of the use of that water?

(f) Have any of the jurors or their immediate families been involved in property disputes other than boundary line disputes?

(g) Do any of the jurors know or are familiar with Bluestone Industries or the Justice Family that owns it?

**Defendant:**

(a) Do any of you or any member of your immediate family work for or have any ownership interest in plaintiff Consolidation Coal Company?

(b) Would any of you hesitate to return a verdict in favor of Defendant Bluestone Coal Corporation if it convinces you by a preponderance of the evidence that it is entitled to use water from the watercourse at issue in this suit?

10. **Estimate of Trial Days**

The parties estimate the case will take 1-2 days to try, depending in large measure on the Court's rulings on the pending motion and pre-trial rulings.

11. **Requested Courtroom Technology**

Plaintiff: Projector for laptop and image projection.

8

12. **Other Matters for Pre-Trial Discussion**

ENTER:_____

_____
United States District Judge

Submitted by:

/s/ **Steven P. McGowan**
Steven P. McGowan (W.Va. Bar # 2460)
STEPTOE & JOHNSON PLLC
P.O. Box 1588
Charleston, W. Va. 25326-1588
304.353.8000
*Counsel for Plaintiff*

/s/ **Lawrence E. Morhous**
Lawrence E. Morhous (W.Va. Bar # 2633)
BREWSTER, MORHOUS, CAMERON, CARUTH,
   MOORE, KERSEY & STAFFORD, PLLC
P.O. Box 529
Bluefield, WV 24701
*Counsel for Defendant*