```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

CONSOLIDATION COAL CO.,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:07-0558

BLUESTONE COAL CORP.,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for partial summary judgment and permanent injunction (doc. # 27). For reasons expressed more fully below, the motion for partial summary judgment is GRANTED and the motion for permanent injunction is DENIED without prejudice.

### Background

By deed dated April 20, 2001, plaintiff, Consolidation Coal Company ("CONSOL"), conveyed to defendant, Bluestone Coal Corporation ("Bluestone"), certain real estate located in McDowell County, West Virginia. See Exhibit A to Plaintiff's Motion for Summary Judgment. Specifically, the deed conveyed "the surface, the Pocahontas No. 8 seam of coal, and all seams of coal lying above the Pocahontas No. 8 seam of coal within and underlying those certain tracts or parcels of land situate in Big Creek District, McDowell County, West Virginia, containing 1,501.13 acres, more or less. . . ." Id.; see also Affidavit of Philip D.

Lowe at ¶ 4.  CONSOL did not convey to Bluestone any interest in seams located below the Pocahontas No. 8 seam.  See also Lowe Aff. ¶¶ 4, 10.

In the 1930's, Pocahontas Fuel Company constructed an underground drainage tunnel of approximately 18.6 miles in length.  See Lowe Aff. ¶ 5 and exhibits thereto; Affidavit of Tom D. Lusk ¶ 10.  This drainage tunnel, located within the Pocahontas No. 3 coal seam, was not a natural water course but rather was created to serve CONSOL's current and future mining operations.  See Lowe Aff. ¶¶ 5, 6; Lusk Aff. ¶ 10.

In November 2006, Bluestone began drilling in the Pocahontas No. 3 seam to locate the drainage tunnel so that it might use the water therein to service its mining operations.  See Lusk Aff. ¶ 10; Defendant's Answers/Responses to Plaintiff's First Set of Interrogatories, Nos. 3 and 4.  Beginning in January 2007, and continuing to this day, Bluestone has been pumping approximately 150,000 gallons of water per day from the drainage tunnel.  See Answers to Interrogatories No. 4.  It is undisputed that the Pocahontas No. 3 seam is below the Pocahontas No. 8 seam.  See id.; Lowe Aff. ¶ 6.

On September 10, 2007, CONSOL filed suit in this court alleging jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(c)(1) and § 1441(b).  Count One is a claim for trespass and Count Two is a claim for conversion.  In Count Three,

CONSOL seeks injunctive relief.  Specifically, CONSOL seeks the following relief:

    A.    A permanent injunction barring the Defendant from its continued trespass and conversion;

    B.    An injunction requiring the Defendant to immediately and properly plug the well(s) and restore the watercourse to the extent it is feasible to do so;

    C.    Damages in the amount of $10,000,000 for the willful and malicious trespass, conversion and permanent damage to CONSOL's real property;

    D.    Punitive damages in an amount to be established by a jury; and

    E.    Any other relief which the Court deems appropriate.

Amended Complaint 3-4.

CONSOL has filed the instant motion for partial summary judgment seeking judgment in its favor on the issue of liability. CONSOL also seeks a permanent injunction to enjoin Bluestone from continuing its trespass.

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The moving party has the burden of establishing that there is no genuine issue as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  This burden can be met by showing that the nonmoving party has failed to prove an essential element of the nonmoving party's case for which the nonmoving party will bear the burden of proof at trial.  Id. at 322.  If the moving party meets this burden, according to the United States Supreme Court, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.

Once the moving party has met this burden, the burden shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.  The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 250-51.

4

## Analysis

In its opposition to the motion for partial summary judgment, Bluestone contends that it has an implied easement[1] because the drainage tunnel was "intended to serve the entire property . . . which at the time included the property now known as the Pocahontas No. 8 coal seam that is without question owned by defendant." Defendant's Response at 3.

"[T]he law does not favor the creation of easements by implied grant or reservation." Stuart v. Lake Washingon Realty Corp., 141 W. Va. 627, 638 (1956). To raise an implied reservation or grant of an easement the existing servitude must at the time of the deed be apparent, continuous and strictly necessary. Miller v. Skaggs, 91 S.E. 536, 537 (1917); see also Robertson v. BA Mullican Lumber & Manufacturing Co., L.P., 208 W. Va. 1, 3 (2000) ("The general rule is that there is no implied reservation of an easement . . . unless the burden upon the land conveyed is apparent, continuous, and necessary for the enjoyment of the land."). "The burden of proving an easement rests on the

---

[1] The United States Court of Appeals for the Fourth Circuit discussed the "distinction between implied easements by way of necessity and implied easements from prior use (sometimes referred to as easements by implication.)" United States v. Srnsky, 271 F.3d 595, 599 (4th Cir. 2001). Acknowledging that the two were sometimes used inconsistently, the court noted that West Virginia courts recognize both doctrines. See id. In this case, defendant claims to have an implied easement but does not distinguish between the two types of implied easements. However, a reading of defendant's brief makes clear that it is referring to easement by implication.

party claiming such right and must be established by clear and convincing proof." Myers v. Stickley, 180 W. Va. 124, 127 (1988) (quoting Berkeley Development Corp. v. Hutzler, 159 W. Va. 844 (1976)).

In Stuart v. Lake Washington Realty Corp., 141 W. Va. 627, 639-40 (1956), the Supreme Court of Appeals of West Virginia discussed the elements required for the creation of an easement by implication. According to the court:

> Various elements are essential to create an easement by implication upon the severance of the unity of ownership in an estate. They are: (1) A separation of title; (2) necessity that, before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) necessity that the easement be essential to the beneficial enjoyment of the land granted or retained. Another essential is sometimes added to these - namely that the servitude be continuous, as distinguished from temporary or occasional.

Id. at 639 (quoting 17 Am. Jur., Easements, Section 34). The Stuart court went on to say that "[t]he use of land under an implied easement must be apparent when the severance of ownership occurs and the use is apparent when it may be discovered by reasonable inspection." Id. at 640 (emphasis added).

In the instant case, it is clear there was no implied easement to use the drainage tunnel. First, the alleged easement was not apparent when the severance of ownership occurred because it was nonexistent. The land was conveyed in 2001, yet Bluestone

did not begin drilling into the drainage tunnel until 2006. For this same reason, the requisite continuity and necessity is lacking. See Stuart, 141 W. Va. at 642 ("A servitude which did not then exist could not be apparent, continuous or necessary within the essential requirements of the previously stated rule which applies to and governs the creation of an easement by implied reservation or grant. No burden or servitude consisting of water permanently impounded upon the land of the plaintiff actually occurred or existed until after the completion by the defendant of the dam to its present height of twenty feet on February 8, 1948, nearly ten years after the land now owned by the plaintiff was conveyed. . . ."). For these reasons, plaintiff's motion for partial summary judgment is GRANTED.

Plaintiff has also asked the court to issue a permanent injunction. Because the defendant did not address the motion for a permanent injunction in any meaningful way in its brief,[2] the court will DENY the motion for injunction without prejudice. The court will schedule a hearing to take up the remaining issues in this matter. At that time, CONSOL may renew its motion for a

---

[2] See Pence v. Carney, 52 S.E. 702, 707 (W. Va. 1905) (holding that in order to sustain an injunction against an act of trespass, on the ground that the injury occasioned thereby is irreparable, the facts constituting such irreparable injury must be alleged and proved); but see Stuart v. Lake Washington Realty Corp., 141 W. Va. 627, 653 (1956) (holding that the equitable doctrine of the balance of conveniences should not be applied when the acts complained of are wilful, wanton and unprovoked, or are tortious, and the plaintiff seeks to preserve a clear property right).

permanent injunction and the court will hear from both parties on this issue.

## Conclusion

Based on the foregoing, plaintiffs's motion for partial summary judgment is GRANTED. The motion for a permanent injunction is DENIED without prejudice.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 31st day of March, 2009.

ENTER:

David A. Faber
Senior United States District Judge