IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Bluefield

CONSOLIDATION COAL COMPANY,

        Plaintiff,

v.                                          Civil Action No. 1:07-CV-0558

BLUESTONE COAL COMPANY,

        Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S RENEWED MOTION FOR PERMANENT INJUNCTION

### INTRODUCTION

      This case arises from Bluestone Coal Company's ("Bluestone") drilling into an underground watercourse owned by Consolidation Coal Company ("Consol"). This Court recently granted partial summary judgment in Consol's favor, finding that Bluestone's drilling into Consol's watercourse amounted to a trespass and subsequent use of Consol's water constituted conversion. Because it has long been settled than an injunction is appropriate to restrain a continuing trespass, Consol renews its Motion for Permanent Injunction.[1]

### STATEMENT OF FACTS

      Consol filed its Motion for Partial Summary Judgment seeking a determination on liability with respect to Bluestone's drilling into Consol's watercourse and subsequent removal of Consol's water contained within that watercourse. Mem. of Law in Support of Pl.'s Mot. for Partial Summ. J. and Permanent Inj. ("Pl.'s Mot."). Bluestone argued that its drilling and subsequent removal of water was lawful by virtue of a purported implied easement. Def.'s Resp.

---

[1] Though Consol's Motion for Partial Summary Judgment sought a permanent injunction as well, this Court deferred ruling on that issue due to Bluestone's failure to "address the motion…in any meaningful way." Mem. Op. & Order, p. 7. Accordingly, Consol now seeks to have this issue decided in light of the Court's ruling on liability.

in Opp'n to Pl.'s Mot. for Partial Summ. J. and Permanent Inj. ("Def.'s Resp."). This Court, on March 21, 2009, entered its Order finding that Bluestone's drilling and water removal were not lawful by virtue of an implied easement, but instead constituted a trespass and conversion. Mem. Op. and Order ("Order"), p. 7.

## APPLICABLE STANDARD

While a balancing of conveniences test is typically applicable when a party seeks a permanent injunction,

> [w]here the wrong complained of is wilful, wanton, or unprovoked, the injunction should be granted although the loss to the defendant will be greater than the injury to his adversary from its refusal, for no balancing of the inconveniences of private parties will be indulged when the act complained of is tortious in itself as well as in its incidents, and the preservation of a right is clearly involved.

*Stuart v. Lake Washington Realty Corp.*, 141 W. Va. 627, 652-53, 92 S.E.2d 891, 905 (1956). In these sorts of cases,

> the wrongdoer is not entitled to the benefit of any consideration in a court of equity, nor can it be said that injury would result from the injunction, for no man can complain that he is injured by being prevented from doing, to the hurt of another, that which he has no right to do.

*Id.* at 653, 92 S.E.2d at 905.

## ANALYSIS

On March 31, 2009, this Court entered its Memorandum Opinion and Order finding that Bluestone's drilling into Consol's watercourse and subsequent water removal amounted to a trespass and conversion. Order, p. 7. Accordingly, for Bluestone to continue any drilling or water removal activities on or from Consol's property in light of this ruling would result in the commission of a willful and knowingly tortious act – exactly the type of conduct injunctions are designed to restrain.

In *Stuart v. Lake Washington Realty Corp.*, the defendants owned a subdivision, which contained a lake. 141 W. Va. 627, 632, 92 S.E.2d 891, 895 (1956). During construction of this subdivision, a dam was planned to cross a creek, which also was located in the subdivision. *Id.* at 633, 92 S.E.2d at 985. Once the dam was elevated to twenty feet, portions of the plaintiff's land became "permanently inundated" with water from the lake. *Id.* at 635, 92 S.E.2d at 897. The plaintiff notified the defendants of the flooding, but the defendants refused to lower the dam, thus resulting in plaintiff's suit. *Id.* at 637, 92 S.E.2d at 898. It was undisputed that lowering the dam, even less than two feet, would substantially reduce the value of what were designed to be lakefront properties. *Id.* Nonetheless, the court found the "balance of conveniences" test inapplicable. *Id.* at 651, 92 S.E.2d at 904. Instead,

> [a]s an incident of her ownership of the tract…of land the plaintiff had the absolute and exclusive right to the full enjoyment of her property and to hold it free from disturbance by any other person regardless of the amount of damage that may have resulted from such disturbance. This right is a natural right which will be regarded and protected as property and as parcel of the land….The permanent encroachment of water upon the land of the plaintiff which, it is admitted, was caused by the completion of the dam to its elevation of twenty feet, constituted a violation of property right of the plaintiff in her land.

*Id.* at 651-52, 92 S.E.2d at 904-05. Accordingly, the plaintiff was granted the injunctive relief she sought "to prevent the overflow of water from the lake upon her land and to effectuate the removal of the water impounded upon it as the most effective means of restoring the full enjoyment of her property and of enabling her to hold it free from molestation and disturbance…." *Id.* at 654, 92 S.E.2d at 906.

Similarly here too, this Court has already found that Bluestone's conduct constitutes a violation of Consol's property right in its land. Therefore, Consol is entitled to a permanent injunction "barring [Bluestone] from its continued trespass and conversion" and "[a]n injunction

3

requiring [Bluestone] to immediately and properly plug the well(s) and restore the watercourse to the extent it is feasible to do so." Am. Compl., p.3-4. As was the case in *Stuart*, a permanent injunction is necessary to preserve Consol's "absolute and exclusive right to the full enjoyment of [its] property and to hold it free from disturbance."

## CONCLUSION

For the foregoing reasons, Consol is entitled to a preliminary injunction enjoining the continued trespass onto Consol's property and conversion of Consol's water. Additionally, Consol seeks an injunction requiring Bluestone to plug the well(s) and restore the watercourse to the extent possible.

CONSOLIDATION COAL COMPANY
By Counsel

s/Steven P. McGowan
Steven P. McGowan (W. Va. Bar No. 2460)
Lindsay E. Agee (W. Va. Bar No. 10782)

**STEPTOE & JOHNSON PLLC**
Of Counsel

P.O. Box 1588
Charleston, W. Va. 25326-1588
Voice: 304.353.8000
Fax: 304.353.8180

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Bluefield

CONSOLIDATION COAL COMPANY,

      Plaintiff,

v.                                           Civil Action No. 1:07-CV-0558

BLUESTONE COAL COMPANY,

      Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May 2009, I filed the foregoing "Memorandum of Law in Support of Plaintiff's Renewed Motion for Permanent Injunction" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Lawrence E. Morhous
    BREWSTER, MORHOUS, CAMERON, CARUTH,
       MOORE, KERSEY & STAFFORD, PLLC
    P.O. Box 529
    Bluefield, West Virginia 24701

                                             /s/Steven P. McGowan